# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| PAUL KRIWINSKY<br>25784 Fairmount Blvd.<br>Beachwood, Ohio  44122, | ) CASE NO.<br>)<br>) JUDGE |
| Plaintiff, | |
| v. | |
| MELANIE DELIGIANIS<br>23405 Fairmount Blvd.<br>Beachwood, Ohio  44122, | **COMPLAINT**<br><br>**Jury Demand Endorsed Hereon** |
| JOSEPH G. STAFFORD, ESQ.<br>55 Erieview Plaza, 5th Floor<br>Cleveland, Ohio  44114, | |
| STAFFORD LAW CO., L.P.A.<br>c/o Agent for Service of Process<br>55 Erieview Plaza, 5th Floor<br>Cleveland, Ohio  44114, | |
| and | |
| JOY B. SAVREN, ESQ.<br>1422 Euclid Avenue, Suite 618<br>Cleveland, Ohio  44115, | |
| Defendants. | |

For his Complaint against Defendants Melanie Deligianis, Joseph G. Stafford, Esq., Stafford Law Co., L.P.A., and Joy B. Savren, Esq., Plaintiff Paul Kriwinsky, states as follows:

1

## The Parties

1. Plaintiff is an individual who resides in this District.

2. Defendant Melanie Deligianis is an individual who resides in this District, is the former spouse of Plaintiff, and is the custodial parent of Plaintiff's three children.

3. Defendant Joseph G. Stafford, Esq., and his law firm Stafford Law Co., L.P.A. (collectively, "Stafford"), are a lawyer and law firm based in this District who for all times relevant hereto served as counsel to Defendant Deligianis.

4. Joseph Stafford's license to practice law was suspended by the Ohio Supreme Court for a year previously.

5. Joseph Stafford was suspended from the practice of law for violating Ohio Prof.Cond.R. 3.3(d), 5.1(c), 8.2(a), 8.4(c), and 8.4(d).

6. The Ohio Supreme Court found/affirmed that Joseph Stafford engaged in "multiple acts of misconduct over the course of multiple years," engaged in "a course of conduct replete with dishonest, deceptive, and disrespectful acts," to have "acted with a dishonest motive, committed multiple violations of the Ohio Rules of Professional Conduct, and refused to acknowledge the wrongful nature of his conduct", and to have made "false statements concerning the integrity of a judicial officer," among other things.

7. Defendant Joy B. Savren is a lawyer based in this District who for all times relevant hereto served as counsel to Plaintiff's three children.

8. This lawsuit is based on Defendants' intentional interception, disclosure, and use of Plaintiff's oral communications in violation of the Federal Wiretap Act and

the Federal Electronic Communications Privacy Act, related remedies under Ohio's wiretap statute, and the Defendants' civil conspiracy relating thereto.

## Jurisdiction and Venue

9. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because the claims brought by Plaintiff arise under federal statute 18 U.S.C. § 2520.

10. This Court has supplemental jurisdiction over the Ohio state law claims in this civil action pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this Court because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and because all defendants reside in this District.

## Statement of Operative Facts

12. Plaintiff and Defendant Deligianis have been involved in a post-divorce decree dispute which commenced in 2019 surrounding, among other things, the custody and visitation rights of Plaintiff to his three children.

13. In connection with those disputes, Defendant Deligianis has been represented by Stafford and Plaintiff's three children have been represented by Defendant Savren.

14. The custody/visitation dispute has been acrimonious at times, Defendants have taken a united and hostile stance toward Plaintiff in connection therewith, and, on information and belief, have coordinated extensively to Plaintiff's detriment.

15. Beginning no later than January 2020 and continuing at least to July 2020, Defendant Deligianis secretly recorded telephone calls between Plaintiff and his children (the "Illegal Recordings").

16. At no point in time did either Plaintiff or any of his children consent to the recording of their calls, and at no point in time while the Illegal Recordings were being intercepted by Defendant Deligianis was Plaintiff aware of nor did he give consent to his being recorded.

17. Defendant Deligianis has admitted that she did make the Illegal Recordings and that she did not have the consent of her children to do so.

18. The purpose of Defendant Deligianis' making the Illegal Recordings by recording the private conversations between Plaintiff and his children was for purposes of gathering as much material as she could to be used, with no regard for context, in her personal and vindictive battle with Plaintiff over custody and visitation of their children.

19. At no point in time during the over-six-month period that she was making the Illegal Recordings by secretly recording Plaintiff and his children's private conversations did Defendant Deligianis ever attempt to intervene to stop communication between her children and Plaintiff or involve any authorities of any kind to report any alleged harmful or abusive statements from Plaintiff.

20. The reason that Defendant Deligianis made no such effort at that time was that she had no intention of using the Illegal Recordings to protect the children, but, rather, her intent was to cut-and-paste anything she could use out of context from those conversations for her own use, and for her lawyers' use, in her personal battle with Plaintiff.

21. On information and belief, Stafford was aware of the Illegal Recordings at some point in time before those recordings were discovered by Plaintiff.

22. Since learning about and listening to the many hours of the Illegal Recordings, Stafford has made flagrant and frequent use of them, including in a

deliberately misleading and defamatory manner in public and private proceedings and conversations.

23. Stafford not only disseminated and used the Illegal Recordings, he has also repeatedly misrepresented the contents of those private conversations to the public and to judicial officers and has done so with the intent of defaming and harming Plaintiff.

24. At all times relevant hereto, Stafford had actual knowledge that the Illegal Recordings were made without the knowledge or consent of either Plaintiff or Plaintiff's children.

25. By using and disseminating the Illegal Recordings, including by making false statements about their content to at least one judicial officer, Stafford has continued to engage in the pattern of bad-faith, unethical, below-board conduct which the Ohio Supreme Court went to such great lengths to document in his official disciplinary action and suspension.

26. Defendant Savren was appointed to serve as the Plaintiff's children's attorney by the court presiding over the domestic relations dispute between Plaintiff and Defendant Deligianis on October 25, 2019, and she has served and continues to serve in that capacity to this day.

27. Defendant Savren has not been loyal to Plaintiff's children within the scope of her representation of them, but has, instead, conspired with Deligianis and Stafford to use the Illegal Recordings in their combined efforts focused on harming Plaintiff.

28. Plaintiff learned of the existence of the Illegal Recordings in November 2020.

29. Defendant Savren has been aware that Plaintiff contested the legality of the Illegal Recordings since he discovered their existence in November 2020 and Defendant Savren was aware of the Illegal Recordings before Plaintiff knew they existed.

30. Despite having actual knowledge that the Illegal Recordings were made without the consent of either of the parties being recorded, Defendant Savren has made frequent use of them and has caused the dissemination of the Illegal Recordings repeatedly in her role as the attorney for the Plaintiff's children.

31. Plaintiff has protested the use and legality of the Illegal Recordings since learning of their existence.

32. At no point in time while the Illegal Recordings were being made did any of the Defendants attempt to intervene in any manner consistent with a concern that the conversations Plaintiff was having with his children were in any way harmful to those children.

33. Instead, all Defendants waited until all of the Illegal Recordings had been gathered and then used them in heavily edited and out-of-context manner to be used as defamatory material against Plaintiff.

34. Defendants Deligianis, Stafford, and Savren have used the Illegal Recordings in a concerted, coordinated attack on Plaintiff in every forum they have met him and have, in a coordinate fashion, excerpted and edited the contents of the Illegal Recordings to attempt to paint Plaintiff in the worst possible light.

35. Defendants' coordinated defamation of Plaintiff have caused him to lose visitation rights with his children entirely and has left him with no practical redress for that harm but for the causes of action articulated in this Complaint.

36. The Ohio wiretapping statute, R.C. § 2933.65, explicitly comprises the sole means of redress that Plaintiff has under Ohio law arising out of the Defendants' interception, disclosure, and intentional use of Plaintiff's private conversations with his children.

## Count One
### (Remedies Under 18 U.S.C. § 2520)

37. Plaintiff restates the above as if set out fully herein.

38. The Defendants intercepted, disclosed, and intentionally used the Illegal Recordings.

39. The Defendants did not obtain consent for the making of the Illegal Recordings from either Plaintiff or Plaintiff's children and did not make or use the Illegal Recordings for the best interests of Plaintiff's children.

40. Plaintiff is entitled to preliminary and permanent injunctive relief barring any further use or disclosure of any kind of the contents of the Illegal Recordings.

41. Plaintiff is entitled to declaratory relief finding that the interception, disclosure, and use of the Illegal Recordings by the Defendants was done illegally and in contravention of federal law.

42. Plaintiff is entitled to monetary damages including, without limitation, the greater of all profits made by Defendants Stafford and Savren in any way relating to the use of the Illegal Recordings or statutory damages.

## Count Two
### (Remedies Under Ohio R.C. § 2933.65)

43. Plaintiff restates the above as if set out fully herein.

44. Defendants intercepted, disclosed, and intentionally used the Illegal Recordings.

45. The Defendants did not obtain consent for the making of the Illegal Recordings from either Plaintiff or Plaintiff's children and did not make or use the Illegal Recordings for the best interests of Plaintiff's children.

46. Plaintiff is entitled to preliminary and permanent injunctive relief barring any further use or disclosure of any kind of the contents of the Illegal Recordings.

47. Plaintiff is entitled to declaratory relief finding that the interception, disclosure, and use of the Illegal Recordings by the Defendants was done illegally and in contravention of Ohio law.

48. Plaintiff is entitled to damages including, without limitation, statutory damages, compensatory damages including damages for loss of filial consortium, consequential damages, attorney fees, and punitive damages.

WHEREFORE, Plaintiff Paul Kriwinsky requests this Court to:

A. Award Plaintiff damages in an amount to be determined at trial;

B. Enjoin any use or dissemination of the Illegal Recordings;

C. Award declaratory relief to the effect that the Defendants' making, dissemination, and use of the Illegal Recordings was done illegally and in contravention of state and federal laws;

D. Award Plaintiff his attorney fees;

E. Award Plaintiff punitive damages; and

F. Award Plaintiff any other relief to which he is entitled.

      Respectfully Submitted,
      **ROSS M. BABBITT CO., LPA**

      /s/ Ross M. Babbitt
      Ross M. Babbitt (0072946)
        rbabbitt@babbitt-lawfirm.com
      1382 West 9th Street
      Suite 220
      Cleveland, Ohio  44113

      (216) 623-6346

      Attorney for Plaintiff Paul Kriwinsky

## **Jury Demand**

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, for all issues so triable Plaintiff Paul Kriwinsky demands a jury of the maximum number of jurors allowed by law.

      /s/ Ross M. Babbitt
      Attorney for Plaintiff